UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE PORFIRIO MARTINEZ-
SOPCYNSKI,

          Petitioner,                          Case No. 2:26-cv-10179

v.                                     Honorable Susan K. DeClercq
                                       United States District Judge

KEVIN RAYCRAFT, et al.,

          Respondents.

_____/

**OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DISMISSING SEVERAL RESPONDENTS, ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING OR OTHERWISE RELEASE HIM, AND ORDERING RESPONDENT TO PROVIDE A STATUS REPORT**

Before this Court is Petitioner Jose Porfirio Martinez-Sopcynski's[1] petition

for a writ of habeas corpus in which he argues that he is being detained without a

bond hearing in violation of the Immigration and Nationality Act (INA) and his due

process rights. This case is yet another "one of an ever-growing number of

challenges in the District, and across the country, to noncitizen detentions arising out

of the [DHS's] current interpretation of the" INA. *Romero Garcia v. Raycraft*, No.

---

[1] The name on the petition was entered incorrectly as Luciano Munoz Huerta, rendering the case docket label incorrect. *See* ECF Nos. 1–3. The correct petitioner, Martinez-Sopcynski, was added on January 21, 2026. Martinez-Sopcynski is also referred to as Jose Porfirio Martinez Sanchez. *See* ECF No. 6-3 at PageID.109.

25-cv-13407, 2025 WL 3252286, at *1 (E.D. Mich. Nov. 21, 2025). This Court will grant the petition for the reasons provided below and in accordance with the other judges in this District who "have joined their peers nationwide to conclude that the interpretation being advanced by the Government, which would require the mandatory detention of hundreds of thousands, if not millions, of individuals currently residing with the United States, is contrary both to the plain text of the statute and the overall statutory scheme." *Id.*; *see, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025) (McMillion, J.); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept.9, 2025) (White, J.); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294 (E.D. Mich. Oct. 29, 2025) (Edmunds, J.).

## I. BACKGROUND

### A. Factual Allegations

Petitioner Jose Porfirio Martinez-Sopcynski is a 32-year-old Nicaraguan citizen who fled political persecution in Nicaragua by coming to the United States in December 2022. ECF No. 1 at PageID.8–9. Near the border shortly after his arrival, Martinez-Sopcynski "was encountered" but "granted humanitarian parole" and released. *Id.* at PageID.9.

He has since resided in the United States in Kentwood, Michigan. ECF No. 1 at PageID.8. He has been gainfully employed since February 2023 and has been

married to a United States citizen for over a year. *Id.* He has no criminal record from the United States or from another country. *Id.*

In October 2023, Martinez-Sopcynski filed for asylum, followed by "an adjustment of status application packet with USCIS" with his husband as his immediate qualifying relative. *Id.* But in August 2025, just prior to his status interview, Immigration and Customs Enforcement (ICE) detained Martinez-Sopcynski and initiated removal proceedings before the Detroit Immigration Court for entering without inspection, *i.e.*, "being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)." *Id.* Martinez-Sopcynski "conceded this charge of inadmissibility in 2023." *Id.* at PageID.9.

He was—and still is—detained at the St. Clair County Jail in Port Huron, Michigan. *Id.* at PageID.8. In his Notice to Appear, Martinez-Sopcynski is stated to be subject to removal pursuant to "212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 6-2 at PageID.106.

On December 4, 2025, the Detroit Immigration Court pretermitted Martinez-Sopcynski's adjustment of status claim, but he reserved his right to appeal. *Id.* at PageID.10. According to Martinez-Sopcynski, the pretermitted claim decision was

on a finding that his "humanitarian parole had automatically expired 60 days after it was granted, [meaning] [Martinez-Sopcynski] reverted back to his previous status of an 'applicant for admission.'" *Id.* Martinez-Sopcynski is appealing this decision that, he argues, "is plainly incorrect." *Id.*

## B. Procedural History

On January 19, 2026, Martinez-Sopcynski filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained without the possibility of bond, in violation of the INA and the Due Process Clause of the Fifth Amendment. ECF No. 1. He brings his petition against Respondents Kevin Raycraft, the Director of the Detroit Field Office of ICE's Enforcement and Removal Operations; the United States Department of Homeland Security (DHS) and its Secretary, Kristi Noem; United States Attorney General Pamela Bondi; and the Executive Office for Immigration Review (EOIR). *Id.* at PageID.7. Martinez-Sopcynski also filed a supplemental brief, ECF No. 2, and a notice of companion cases in this District, ECF No. 3.

On January 27, 2026, the Detroit Immigration Court ordered that Martinez-Sopcynski "be removed to Ecuador or in the alternative to Guatemala or Honduras." ECF Nos. 6 at PageID.80; 6-3 at PageID.109.

On January 28, 2026, this Court ordered that Respondents respond to the petition by February 5, 2026. ECF No. 5. Respondents did so by the required date,

- 4 -

arguing that Martinez-Sopcynski failed to exhaust his administrative remedies, can only bring his petition against his physical custodian, is lawfully detained, and has not been deprived of due process. ECF No. 6. Martinez-Sopcynski filed a reply on February 10, 2026. ECF No. 7. On February 13, 2026, Respondents filed a notice of supplemental authority for its position. ECF No. 8.

## II. LEGAL STANDARD

Habeas corpus is "perhaps the most important writ known to the constitutional law…affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (internal quotation marks and citations omitted), *overruled in part on other grounds*. A district court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

## III. ANALYSIS

For the reasons provided below, this Court will dismiss all Respondents except ICE Field Office Director Kevin Raycraft but will waive the administrative exhaustion requirement and grant the petition.

- 5 -

## A. Proper Respondents

Martinez-Sopcynski named Respondents (1) Kevin Raycraft, the Director of the Detroit Field Office of ICE's Enforcement and Removal Operations; (2) Kristi Noem, the Secretary of DHS; (3) the DHS itself; (4) United States Attorney General Pamela Bondi; and (5) the Executive Office for Immigration Review (EOIR). ECF No. 1 at PageID.7. Martinez-Sopcynski argues that Raycraft is an appropriate respondent under *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003), which held "that the ICE field office director is [Martinez-Sopcynski's] 'immediate custodian.'" ECF No. 7 at PageID.126. And he further argues that the others are appropriate respondents because he seeks both a writ of habeas corpus *and* declaratory relief and an injunction in relation to ICE's new directive that the other Respondents have authority over. *Id.* at PageID.127.

Respondents argue that none of the respondents are proper because Martinez-Sopcynski's physical custodian is the St. Clair County Jail, which is not named as a respondent in this suit, or, alternatively, the only proper respondent in this case is Kevin Raycraft because he is the ICE Field Office Director. ECF No. 6 at PageID.82.

As the Sixth Circuit explained, the proper respondent to an immigration habeas petition is, generally, the immediate custodian, including the ICE Field Office Director Kevin Raycraft. *See Roman*, 340 F.3d at 322. Therefore, Raycraft is an appropriate respondent in this matter. *See id.* However, the petition did not

- 6 -

adequately set forth Martinez-Sopcynski's intent to file a combined habeas petition and complaint for declaratory relief nor provide authority to justify including other Respondents beyond Raycraft. Martinez-Sopcynski also fails to adequately explain why an injunction on transfer pending resolution of his petition requires the others to be Respondents beyond merely gesturing to the fact that they may "have authority" over the policy prompting his removal.[2] Accordingly, this Court will dismiss all Respondents except Raycraft. *See id.*

### B. Administrative Remedies

Respondents argue that Martinez-Sopcynski should be required to exhaust his administrative remedies to allow the BIA to apply its "special expertise in

---

[2] Notably, in *Roman*, the Sixth Circuit "acknowledged that the Attorney General may also be a proper respondent under certain circumstances due to 'the degree of control which the Attorney General has over an alien's immediate custodian.' 340 F.3d at 324–25." *Amaya v. Raycraft*, No. 25-13539, 2025 WL 3530273, at *5 (E.D. Mich. Dec. 9, 2025) (Levy, J.). As Judge Levy observed in a recent opinion addressing the same situation:

> These extraordinary circumstances include if the government "were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." [*Roman*, 340 F.3d] at 326. *Roman* suggests that there must be some kind of showing of these extraordinary circumstances in order to keep or add the Attorney General as a respondent. The Sixth Circuit noted that the petitioner in *Roman* "has not alleged facts suggesting either that the government improperly manipulated its authority in an attempt to deny Roman a meaningful opportunity for relief" or that the petitioner faced difficulties such as an inability to know who their immediate custodian is or where the petitioner is being detained. *Id.* at 326. Here, these circumstances have not been demonstrated.

*Amaya*, 2025 WL 3530273, at *5.

interpreting relevant statutes." ECF No. 6 at PageID.84 (quoting *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013)). Martinez-Sopcynski argues that pursuing administrative remedies would be futile, particularly in light of the recent BIA decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF No. 7 at PageID.125–26. This Court agrees with Martinez-Sopcynski.

There is no applicable statute or rule that mandates administrative exhaustion under these circumstances. As such, "the decision to require exhaustion is within the sound discretion of the court." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *see also Shearson*, 725 F.3d at 593. Otherwise referred to as "prudential" exhaustion, *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 746 (6th Cir. 2019), a court-made exhaustion rule must comport with the statutory scheme and congressional intent. *Shearson*, 725 F.3d at 593–94.

"The Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies." *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025) (McMillion, J.). Some district courts in the Sixth Circuit have adopted the three-factor test set forth by the Ninth Circuit in *United States v. California Care Corporation*, 709 F.2d 1241, 1248 (9th Cir. 1983), and have thus required prudential exhaustion when,

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;

(2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

(3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Lopez-Campos*, 2025 WL 2496379, at *4 (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-cv-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)). But, as explained in a recent opinion by Judge White,

> even if a court would ordinarily enforce prudential exhaustion, it may still choose to waive such exhaustion. *See Lopez-Campos*, 2025 WL 2496379, at *4. For example, when the "legal question is fit for resolution and delay means hardship," a court may choose to decide the issues itself. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted). A court may also excuse exhaustion if the "pursuit of administrative remedies would be a futile gesture." *Shearson*, 725 F.3d at 594 (citation omitted).

*Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025).

Here, the decision in *Yajure Hurtado* renders the pursuit of an administrative remedy about Martinez-Sopcynski's detention without bond futile, and this Court will waive the exhaustion requirement accordingly. *See Sanchez Alvarez v. Noem et al.*, No. 1:25-CV-1090, 2025 WL 2942648, at *3 (W.D. Mich. Oct. 17, 2025) (finding that because "[i]t is unlikely that any administrative review by the BIA would lead to the Government changing its position" regarding the question of which statutory framework applies to the petitioner, exhaustion was not required). Moreover, the waiver of exhaustion here is warranted because bond denial appeals "typically take

six months or more to be resolved at the BIA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wa. 2025). And such a timeline for an administrative remedy is unreasonable or indefinite such that courts may waive the exhaustion requirement. *See Pizarro Reyes*, 2025 WL 2609425, at *3 (citing *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)). Indeed, the "delays inherent" in the BIA's administrative process "would result in the very harm that the bond hearing was designed to prevent[:]" prolonged detention without due process. *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) (citation omitted). Finally, requiring Martinez-Sopcynski to exhaust his administrative remedies would hinder his ability to prepare his case on appeal, as he has limited access to attorneys, witnesses, evidence, interpreters, and technology while detained. *See Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *4.

At bottom, if this Court were to require Martinez-Sopcynski to exhaust his administrative remedies through a BIA appeal, Martinez-Sopcynski would face "not only more, potentially unnecessary, months in prison, but also harm to his ability to mount a successful case [and appeal] against his removal." *Id.* Thus, this Court will waive Martinez-Sopcynski's exhaustion requirement and proceed to the merits of his habeas petition.

- 10 -

## C. Detention without Bond Under the INA

Martinez-Sopcynski alleges that his continued detention under 8 U.S.C. § 1225(b)(2) is unlawful because this section does not apply to him as he "previously entered the country and has long been residing in the United States" for nearly three years after being released through humanitarian parole. ECF No. 1 at PageID.24. Instead, he argues that he "should be subject to the detention provisions of 8 U.S.C. § 1226(a)" under which he is entitled to a release from detention or, alternatively, a bond hearing. *Id.* Respondents disagree, contending that Martinez-Sopcynski satisfies the elements under § 1225(b)(2) as "an applicant for admission." ECF No. 6 at PageID.85–86. This Court finds that § 1226(a) is the relevant provision governing his detention.

To date, "[a]t least a dozen federal courts" have reached the same conclusion after reviewing the statutory text, history, congressional intent, and application for the last three decades, that § 1226(a) is the appropriate statute applicable to noncitizens facing removal who are already in the United States. *Pizarro Reyes*, 2025 WL 2609425, at *3 (collecting cases); see also *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Martinez v. Hyde*, 1:25-cv-11613-BEM, 2025 WL 208438 (D. Mass. July 24, 2025); *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025); *Rosado v. Figueroa et al.*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Lopez Benitez v. Francis et al.*, No.

1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Gonzalez et al. v. Noem et al.*, No. 5:25-cv-02054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde, et al.*, No. 1:25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Benitez et al. v. Noem et al.*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Kostak v. Trump et al.*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Lopez-Campos*, 2025 WL 2496379; *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Aguilar Merino v. Ripa et al.*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Sanchez Alvarez v. Noem et al.*, No. 1:25-CV-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025).

As numerous other district courts have explained, § 1225(b)(2)(A) "applies to aliens undergoing inspection, which generally occurs at the United States' border, when they are seeking lawful entry into the United States." *Sanchez Alvarez*, 2025 WL 2942648, at *5. In contrast, looking to the plain language of the statute, § 1226(a) "applies to a noncitizen who has resided in this country for [many] years and was already within the United States when apprehended and arrested," as opposed to being apprehended upon arrival at the border. *Lopez-Campos*, 2025 WL 2496379, at *8.

To this Court, there is simply no question that § 1226(a)—not § 1225(b)(2)(A)—applies to noncitizens such as Martinez-Sopcynski who have resided in the United States for many years. And ICE's decision to upend 30 years of reasoned statutory interpretation is not persuasive otherwise. Thus, under § 1226(a), Martinez-Sopcynski is entitled to a discretionary bond determination hearing. And because Martinez-Sopcynski has been detained without having received such a bond determination hearing, he is in federal custody in violation of federal law. Thus, Martinez-Sopcynski's habeas petition will be granted, and Raycraft will be directed to provide Martinez-Sopcynski with a bond hearing under § 1226(a) on or before February 27, 2026, or otherwise release him.

### D. Fifth Amendment Due Process

This Court will decline to decide the merits of Martinez-Sopcynski's due process claims given that this Court is granting the relief that Martinez-Sopcynski requests based on its interpretation of the applicability of § 1226(a). If Raycraft does not provide Martinez-Sopcynski with a bond determination hearing or release him by February 27, 2026, Martinez-Sopcynski may renew his Fifth Amendment Due Process claims.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondents Kristi Noem, U.S. Department of Homeland Security, Pamela Bondi, and the Executive Office of Immigration Review, are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that Martinez-Sopcynski's Petition, ECF No. 1, is **GRANTED**. To that end, it is **ORDERED** that:

1. Respondent Raycraft is **DIRECTED** to provide Martinez-Sopcynski with a bond hearing under § 1226(a) **on or before February 27, 2026**, or otherwise release him; and

2. Respondent Raycraft is **DIRECTED** to file a status report to certify compliance with this order **on or before February 27, 2026**. The status report shall detail if and when Martinez-Sopcynski's bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 19, 2026

- 14 -